UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BRITTANY VELASQUEZ ON BEHALF                    CIVIL ACTION
OF DAVID VELASQUEZ, DECEASED

VERSUS                                          NO. 17-17740

NANCY A. BERRYHILL, ACTING                      SECTION "I" (2)
COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION

## REPORT AND RECOMMENDATION

Brittany Velasquez, on behalf of her deceased husband, David Velasquez, seeks judicial review pursuant to Section 405(g) of the Social Security Act (the "Act") of the final decision of the Commissioner of the Social Security Administration (the "Commissioner"), denying David Velasquez's claim for disability insurance benefits under Titles II and XVI of the Act. 42 U.S.C. §§423, 1382c. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rule 73.2E(B).

I.   PROCEDURAL HISTORY

Valasquez filed his applications for DIB and SSI on June 6, 2014, alleging disability since May 9, 2009 due to cracked vertebrae, herniated discs, limited movement in neck and shoulders, uncontrolled headaches, neck and shoulder arthritis, hypertension, pain, cholesterol, obesity and hepatitis C. (Tr. 21, 67-68, 155-66, 184, 219). He later amended his alleged onset date to August 26, 2014. (Tr. 21, 45). After his claim was denied at the agency level, plaintiff requested a hearing before an Administrative Law Judge (ALJ), which was held on June 14, 2016. (Tr. 43-66). The ALJ issued a decision denying the

applications on July 14, 2016. (Tr. 8-31). Velasquez requested review by the Appeals Council on July 25, 2016 (Tr. 5) and submitted new evidence on January 24, 2017. (Tr. 39-41). After the Appeals Council denied review on July 11, 2017, the ALJ's decision became the Commissioner's final decision for purposes of this court's review. (Tr. 1-4). Plaintiff filed a timely memorandum of facts and law. Record Doc. No. 14. Defendant filed a timely reply memorandum. Record Doc. No. 15.

I then issued a report and recommendation, Record Doc. No. 16, in which I recommended that the presiding district judge dismiss the plaintiff's claim with prejudice. In her Objection to Magistrate Judge's Report and Recommendation, Record Doc. No. 17, plaintiff argued–for the first time at any stage of these proceedings–that the initial decision by the Social Security administrative law judge ("ALJ") was invalid because he was not properly appointed pursuant to the Appointments Clause. The objection relied upon the United States Supreme Court's recent decision in Lucia v. S.E.C., 138 S.Ct. 2044 (2018). Record Doc. No. 17 at pp. 9-10. Judge Africk remanded and again referred the matter to me. Record Doc. No. 19. I conducted a status conference with counsel for both parties on September 24, 2018. At that conference, I requested supplemental briefing from both parties addressing the Lucia issue. Record Doc. No. 23. Defendant submitted its supplemental brief on October 17, 2018, Record Doc. No. 24, arguing that because plaintiff did not raise the Appointments Clause issue at the agency level, the objection had been waived. Plaintiff submitted her supplemental brief on November 20, 2018, arguing that the

<u>Lucia</u> issue had not been waived. Record Doc. No. 27 at p. 8. Plaintiff also urges the court to reconsider the merits of the instant matter, rather than merely the <u>Lucia</u> Appointments Clause issue. Record Doc. No. 27 at p. 1. I note however that Judge Africk's order, Record Doc. No. 19, referred and remanded the instant matter to me only to address <u>Lucia</u>. In addition, I see no reason or basis to reconsider my previous recommendation, which stands unaltered. Accordingly, I will consider only the <u>Lucia</u> Appointments Clause issue in this report and recommendation.

II.    <u>LAW AND ANALYSIS</u>

On June 21, 2018, the United States Supreme Court in <u>Lucia</u> determined that executive agency ALJs are "officers of the United States" and subject to the Appointments Clause of the United States Constitution, Art. II, s.2, cl. 2. <u>Lucia</u>, 138 S. Ct. at 2055. The Appointments Clause provides that:

> . . . [the President] shall nominate, and by and with the Advice and Consent of the Senate, shall appoint Ambassadors, other public Ministers and Consuls, Judges of the [S]upreme Court, and all other Officers of the United States, whose Appointments are not herein otherwise provided for, and which shall be established by Law: but the <u>Congress may by Law vest the Appointment of such inferior Officers,</u> as they think proper<u>, in the President alone, in the Courts of Law, or in the Heads of Departments</u>.

U.S. Constitution, Art. II, § 2, cl.2 (emphasis added). The Court found that the Securities and Exchange Commission's ("SEC") ALJ, who conducted the claimant's hearing and issued an unfavorable decision on July 14, 2016, had been appointed by SEC staff

members, not the SEC department head, and therefore was not appointed in accordance with the Appointments Clause of the Constitution. Lucia, 138 S. Ct. at 2053.

In Lucia, after determining that the ALJ was appointed in violation of the Appointments Clause, the Supreme Court remanded the matter to the SEC for a remedial hearing by either a properly appointed ALJ or the Commission itself. Lucia, 138 S.Ct. at 2055. The Court found that such a hearing was the "'appropriate' remedy" in that case. Id. (quoting Ryder v. United States, 515 U.S. 177, 188 (1995)). The Lucia Court also found that, even if the unconstitutionally appointed ALJ had received a constitutional appointment since the first hearing, because he had already heard the case, he could not conduct the second hearing. Lucia, 138 S.Ct. at 2055.

Even before Lucia was decided, "[c]ourts have reasoned that a constitutional challenge under the Appointments Clause is nonjurisdictional, and, thus, a party may forfeit his Appointments Clause claim by failing to raise it at the administrative level." Faulkner v. Comm'r of Social Security, 2018 WL 6059403, at *2 (W.D. Tenn. Nov. 19, 2018) (citing NLRB v. RELCO Locomotives, Inc., 734 F.3d 764, 798 (8th Cir. 2013) (emphasis added); Intercollegiate Broad. Sys. v. Copyright Royalty Bd., 574 F.3d 748, 755-56 (D.C. Cir. 2009) (per curiam); In re DBC, 545 F.3d 1373, 1378-81 (Fed. Cir. 2008)).

After Lucia, courts outside the Fifth Circuit have required the plaintiff to assert the Appointments Clause issue before the presiding ALJ or the Appeal Council; if the issue is raised afterwards, it is deemed waived. The United States District Court for the Northern

District of Iowa in <u>Davis v. Comm'r of Soc. Sec.</u>, 2018 WL 4300505, at *8 (N.D. Iowa Sept. 10, 2018) has cited <u>Lucia</u> for the proposition that "'one <u>who makes a timely challenge</u> to the constitutional validity of the appointment of an officer who adjudicates his case is entitled to relief.'" <u>Davis</u>, 2018 WL 4300505, at *8 (quoting <u>Lucia</u>, 138 S.Ct at 2055) (internal citations omitted) (emphasis added). The <u>Davis</u> court noted that the <u>Lucia</u> plaintiff made such a timely challenge by objecting at the administrative level to the constitutionality of the ALJ's appointment. <u>Id</u>. Unlike the plaintiff in <u>Lucia</u>, the <u>Davis</u> plaintiff did <u>not</u> object to the ALJ's appointment until after the magistrate judge issued a report and recommendation, as in the instant matter. <u>Davis</u>, 2018 WL 4300505, at *8. Because the plaintiff did not raise the issue "before the ALJ or the Appeals Council," the <u>Davis</u> court found that he had waived the objection. <u>Id</u>. (citing <u>RELCO Locomotives, Inc</u>., 734 F.3d at 798 (concluding that a plaintiff who raised an Appointments Clause challenge "waived its challenge to the Board's composition because it did not raise the issue before the Board"); <u>Anderson v. Barnhart</u>, 344 F.3d 809, 814 (8th Cir. 2003) (finding that a claimant's failure to raise a disability claim during the administrative process "waived [the claim] from being raised on appeal"); <u>Shaibi v. Berryhill</u>, 883 F.3d 1102, 1109 (9th Cir. 2017) ("[W]hen claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal.") (quoting <u>Meanel v. Apfel</u>, 172 F.3d 1111, 1115 (9th Cir. 1999)); <u>Trejo v. Berryhill</u>,2018 WL 3602380, at *3 n.3 (C.D. Cal. July 25, 2018) ("To the extent <u>Lucia</u> applies to Social

Security ALJs, [p]laintiff has forfeited the issue by failing to raise it during her administrative proceedings."). Other courts have decided this issue in the same way. See, e.g. Garrison v. Berryhill, 2018 WL 4924554, at *2 (W.D.N.C. Oct. 10, 2018); Stearns v. Berryhill, 2018 WL 4380984, at *6 (E.D. Iowa Sept. 14, 2018); Holcomb v. Berryhill, 2018 WL 3201869, at *3 n. 3 (C.D. Cal. June 21, 2018); Kabani & Company, Inc. v. U.S. Securities & Exchange Commission, 733 Fed. Appx. 918, 919 (9th Cir. Aug. 13, 2018); Faulkner, 2018 WL 6059403 at *2-3; Page v. Commissioner of Social Security, 2018 WL 5668850 at *2-3 (E.D. Mich. Oct. 31, 2018); Salmeron v. Berryhill, 2018 WL 4998107 at *3 n.5 (C.D. Cal. Oct. 15, 2018); Davidson v. Commissioner of Social Security, 2018 WL 4680327 at *1-2 (M.D. Tenn. Sept. 28, 2018).

Plaintiff cites Sims v. Apfel, 530 U.S. 103, 112 (2000), to argue that she did not waive any issues by not raising those issues in her request to the Appeals Council. Record Doc. No. 27 at p. 8. In Sims, the Supreme Court held that, "[t]he Council, not the claimant, has primary responsibility for identifying and developing the issues," Sims, 530 U.S. at 112, and plaintiff argues that "[i]t is defendant, not claimant, who should have raised the issue [of the constitutionality of the ALJ's appointment], so that claimant's failure to do so cannot bar his raising the issue at Federal Court." Record Doc. No. 27 at p. 10. The district court in Davis addressed and rejected a similar argument by the plaintiff in that case. The Davis court noted that "'Sims concerned only whether a claimant must present all relevant issues to the Appeals Council to preserve them for judicial review; the [Supreme] Court

specifically noted that "[whether] a claimant must exhaust issues before the ALJ is not before us."'" <u>Davis</u>, 2018 WL 4300505, at *9 (citing <u>Shaibi</u>, 883 F.3d at 1102 (quoting <u>Sims</u>, 530 U.S. at 107)) (emphasis in original). In <u>Davis</u>, as in the instant matter, "[plaintiff] did not present his Appointments Clause challenge to the ALJ <u>or</u> the Appeals Council." <u>Davis</u>, 2018 WL 4300505, at *9 (emphasis in original). Many other courts addressing this argument have held that it is inapplicable when the claimant has "failed to raise his claim before the ALJ or the Appeals Council." <u>Nickum v. Berryhill</u>, 2018 WL 6436091, at *6 (D. Kansas, Dec. 7, 2018) (citing <u>Shaibi</u>, 883 F.3d at 1109; <u>Stearns</u>, 2018 WL 4380984, at *4-5; <u>Davis</u>, 2018 WL 4300505, at *8-9).

Plaintiff also cites the unpublished United States Magistrate Judge's report and recommendation in <u>Muhammad v. Berryhill</u>, C.A. No. 18-172 (E.D. Pa. Nov. 2, 2018) (Rice, M.J.), in which the magistrate judge disagreed with the above rulings of the other courts. Record Doc. Nos. 27 at pp. 13-14; 27-, at p. 9. He found that "the decisions applying <u>Lucia</u> to the [Social Security Administration] fail to engage in any substantive analysis of the issue in the unique context of Social Security disability appeals ." Record Doc. Nos. 27 at p. 13; 27-1 at p. 9. The magistrate judge cited <u>Sims</u>, 530 U.S. at 112, for the proposition that, "in the [Social Security Administration], [c]laimants . . . need not . . .exhaust issues in a request for review by the Appeals Council in order to preserve judicial review of those issues."  Record Doc. Nos. 27 at p. 13; 27-1 at p. 10. He also stated, "it makes little sense to require a claimant to raise an issue before an ALJ who is powerless

to resolve it . . . [it is futile to raise] a <u>Lucia</u> claim at the ALJ level." Record Doc. Nos. 27, at p. 14; 27-1, at pp. 11-12. Staff of this court contacted the Office of the Clerk of Court for the Eastern District of Pennsylvania, and was advised that as of December 12, 2018, the district judge had not yet ruled on the magistrate judge's report and recommendation.

I find the report of the magistrate judge unpersuasive in light of the overwhelming precedent of the other courts cited above, relying on the language in <u>Lucia</u> requiring "a timely challenge." <u>Lucia</u>, 138 S.Ct at 2055.  While I consider "the Appointments Clause of Article II . . .  more than a matter of 'etiquette or protocol;' [and] . . . among the significant structural safeguards of the constitutional scheme," <u>Edmond v. U.S.</u>, 520 U.S. 651, 659 (1997) (quoting <u>Buckley v. Valeo</u>, 424 U.S. 1, 125 (per curium), and while I believe in "the strong interest of the federal judiciary in maintaining the constitutional plan of separation of powers," <u>Freytag v. Comm'r</u>, 501 U.S. 868, 879 (1991) (citing <u>Glidden Co. v. Zdanok</u>, 370 U.S. 530, 536 (1962)),  I am persuaded by the majority of courts' interpretation of the clear Supreme Court's language of <u>Lucia</u> itself. Accordingly, I find that plaintiff has waived the Appointments Clause issue by failing to assert it before the ALJ or the Appeals Council.

## **RECOMMENDATION**

For the foregoing reasons, **IT IS RECOMMENDED** that the District Judge dismiss plaintiff's appeal, relying again on my previously issued report and recommendation,

Record Doc. No. 16, and finding that plaintiff has waived the <u>Lucia</u> Appointments Clause issue by not asserting it before the ALJ or the Appeals Council.

New Orleans, Louisiana, this _____17th_____ day of December, 2018.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE